IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERNST CHRISTOF FRIEDRICH ZUNDEL, *et al.*, | ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 3:03-cv-105 |
| ALBERTO GONZALES, *et al.*, | ) ) | |
| Defendants | ) ) | |

## **MEMORANDUM AND ORDER**

This is an action for a writ of habeas corpus or, alternatively, for a writ of mandamus, for injunctive relief under the Administrative Procedures Act and a *Bivens* action for damages on behalf of Ingrid Zundel. These claims arise out of events in February 2003 when Mr. Zundel was taken into custody by officers of the Sevier County Sheriff's Department and the INS and housed in the Blount County Jail at the direction of the INS. He was later deported to Canada and is currently being criminally prosecuted in Germany.

In a memorandum opinion and order entered on November 30, 2004, this court denied Ernst Zundel's petition for writ of habeas corpus because of lack

of subject matter jurisdiction. Plaintiffs appealed the denial of the petition for the writ of habeas corpus to the United States Court of Appeals for the Sixth Circuit, where that appeal is currently pending. In the meantime, plaintiffs' remaining claims have been stayed in this court. Currently pending is plaintiffs' motion for an order modifying the stay to allow for discovery and/or to allow amendment to the second amended and supplemented complaint [Court File #144]. For the reasons that follow, the motion is DENIED.

"[A] federal district court and a federal court of appeal should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The rule summarized in *Griggs* is designed to prevent conflict among tribunals, as well as to prevent the waste of time and money that occurs if the district court changes a judgment after an appeal has been briefed. The general rule has several exceptions such as that an appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision. However, in this case, no interlocutory appeal was taken. Nor are any of the other exceptions to the general rule applicable. *See Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006) (listing other exceptions). The court finds

that it would be improper to permit discovery to take place in this case while plaintiffs' appeal is ongoing.

Plaintiffs contend that plaintiffs' petition for the writ of habeas corpus can be separated from the *Bivens* claim so that no interference with the ongoing appeal in the Sixth Circuit occurs. However, upon a careful review of plaintiffs' first amended petition for the writ of habeas corpus and complaint, the *Bivens* claim, as well as the APA claim, each incorporate by reference the facts underlying the petition for the writ of habeas corpus which are set out in paragraphs 14 through 81 of their amended petition and complaint. Under the circumstances, it would be inappropriate for this court to separate the claims for purposes of discovery even if this court has subject matter jurisdiction.

Accordingly, plaintiffs' motion for an order modifying the stay to allow for discovery [Court File #143] is hereby DENIED. Further, the court finding that oral argument would not be helpful in resolving this motion, plaintiffs' request for hearing and permission to appear telephonically [Court File #148] is DENIED.

**E N T E R :**

                                         *s/ James H. Jarvis*
                                 UNITED STATES DISTRICT JUDGE