UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ERNST C. ZUNDEL, *et al.*,        )
                                   )
        Plaintiffs,                )
                                   )
v.                                 )   No.:  3:03-CV-105
                                   )         (VARLAN/SHIRLEY)
MICHAEL MUKASEY, *et al.*,         )
                                   )
        Defendants.                )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Motion for Reconsideration and for Order Altering Order Dismissing Complaint and Petition and Denying Leave to Amend ("motion for reconsideration") [Doc. 202] filed by plaintiffs Ernst C. Zundel ("Mr. Zundel") and Ingrid Zundel's ("Mrs. Zundel"). In the motion for reconsideration, brought pursuant to Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure, the Zundels request reconsideration, alteration, or amendment of the Memorandum Opinion and Order (the "M&O") issued by the Court on November 10, 2009 [Docs. 200, 201]. The Zundels have also requested a telephone hearing regarding the motion [Doc. 202, p. 2]. Defendant James Berrong (hereinafter, "Sheriff Berrong") has filed a response in opposition [Doc. 208], as have federal defendants Michael Mukasey, Immigration and Naturalization Service (the "INS"), Michael Conway, Jimmy Mounce, Gary Slaybaugh, Michael Chertoff, and Does I through X (referred to hereinafter as the "federal defendants") [Doc. 211].

The Court has carefully considered the Zundels' arguments as presented in the motion for reconsideration as well as the previously filed pleadings. After a thorough review, the Court will **DENY** the Zundels' motion for reconsideration for the reasons set forth below and for the reasons previously expressed in the M&O.

I.  **Relevant Procedural History**

The Zundels initiated this action on February 13, 2003 with a petition seeking a writ of habeas corpus, a preliminary restraining order, a preliminary injunction, and a complaint for constitutional violations against Sheriff Berrong in his official capacity and several of the named federal defendants (the "Initial Petition and Complaint") [Doc. 1].[1] On September 24, 2004, the Zundels filed their first amended petition and complaint which sued additional federal defendants[2] (the "First Amended Petition and Complaint") [Doc. 16].

On October 26, 2004, the Zundels filed a motion for leave to file a second amended complaint and supplemental petition and complaint [Doc. 32]. On November 10, 2004, the Zundels filed their second amended and supplemental complaint and petition (the "SASC") [Doc. 50].[3] The Court granted the motion to amend and the Zundels filed the SASC on

---

[1] This case was originally assigned to the Honorable James H. Jarvis, U. S. District Judge.

[2] The federal defendants named in the First Amended Petition and Complaint were: John Ashcroft, the INS, Michael Conway, Gary Slaybaugh, Tom Ridge, and Does I through X [Doc. 16]. The Zundels' First Amended Petition and Complaint also included a claim for a writ of mandamus, a claim for injunctive relief under the Administrative Procedures Act, 5 U.S.C. §§ 702, *et seq.* (the "APA"), and a *Bivens* damages claim by Mrs. Zundel [Doc. 16]. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*, 403 U.S. 388 (1972).

[3] The SASC sued two additional federal defendants: the United States of America and Jimmy Mounce [Doc. 50].

November 15, 2004 [Doc. 57]. The SASC states four claims for relief: (1) a writ of habeas corpus; (2) relief pursuant to a writ of mandamus; (3) an injunction under the Administrative Procedures Act, 5 U.S.C. §§ 702, *et seq.* (the "APA"); and (4) *Bivens* damages on behalf of Mrs. Zundel and against the federal defendants and Sheriff Berrong, pursuant to 8 U.S.C. §§ 1151(b)(2) and 1154. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*, 403 U.S. 388 (1972).

On February 9, 2005, the Court dismissed, with prejudice, the Zundels' petition for a writ of habeas corpus [Doc. 103]. The Zundels appealed this dismissal to the U. S. Court of Appeals for the Sixth Circuit. On October 19, 2005, a protective order was granted staying discovery and quashing any outstanding notices of depositions pending the Zundels' appeal of the denial of their habeas corpus petition [Doc. 142]. On May 17, 2006, the Zundels filed a motion for modification to allow discovery and/or to allow amendment to the SASC [Doc. 143]. On June 16, 2006, this motion was denied [Doc. 150].

On February 27, 2007, the Sixth Circuit denied the habeas corpus petition for review. In essence, affirming the Court's dismissal of Mr. Zundel's petition for writ of habeas corpus. *See Zundel v. Gonzales*, 230 F. App'x 468 (6th Cir. Feb 27, 2007), *cert. denied* 128 S.Ct. 1085 (2008) (unpub.). The Zundels requested and were denied an *en banc* rehearing. The Zundels then filed a petition for writ of certiorari with the U.S. Supreme Court on November

20, 2007 [Doc. 154]. The petition was denied by order of the Supreme Court on January 14, 2008 [Doc. 155].[4]

On March 25, 2008, the federal defendants filed a renewed motion to dismiss the SASC [Doc. 157]. On May 23, 2008, Sheriff Berrong filed a renewed motion to dismiss the SASC [Doc. 162]. On June 2, 2008, the Zundels filed a motion to amend and confirm right to discovery, along with the proposed TASC [Docs. 169, 171]. The TASC abandoned the claim for a writ for habeas corpus and proposed the following amendments to the SASC: the addition of substantive allegations involving Mr. Zundel's February 2003 arrest in Tennessee; several amendments to the prayer for relief to "state and clarify" the Zundels' claims for writs of mandamus, injunctive relief, and additional claims regarding the illegality of the notice of a "twenty-year bar" on Mr. Zundel's re-entry into the United States [Doc. 169, pp. 31-32]; the addition of a claim for *Bivens* damages on behalf of Mr. Zundel [Doc. 169, ¶¶ 119-32]; and the conversion of official capacity federal defendants John Ashcroft and Tom Ridge into individual capacity federal defendants and the addition of Condoleeza Rice as a federal defendant [Doc. 169, ¶¶ 5, 12].

On November 10, 2010, the Court entered the M&O which is the subject of the Zundels' motion for reconsideration [Docs. 200, 201]. In the M&O, the Court denied the Zundels' motion to amend and confirm right to discovery after concluding that the Zundels' proposed amendments were futile and did not confer subject matter jurisdiction, granted the

---

[4] On July 22, 2007, this case was reassigned to the Honorable Thomas A. Varlan, U. S. District Judge [Doc. 152].

federal defendants' renewed motion to dismiss the remaining claims against the federal defendants [Doc. 157], and granted Sheriff Berrong's renewed motion to dismiss [Doc. 162] for lack of subject matter jurisdiction and failure to state a claim for which relief may be granted. On November 24, 2009, the Zundels filed the instant motion for reconsideration pursuant to Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure [Doc. 202]. Sheriff Berrong and the federal defendants each filed responses in opposition [Docs. 208, 211] and the Zundels filed reply briefs to these responses [Docs. 209, 212]. The Court has considered each of the Zundels' arguments in the motion for reconsideration and the supporting brief.[5]

## II. Analysis

In the motion for reconsideration, the Zundels argue that the M&O failed to address Mr. Zundel's contention that he is entitled to litigate, under the APA, the illegality of the twenty-year bar of inadmissibility because he argues such a bar is not a matter of discretion. The Zundels also argue that the Court failed to consider any tolling of the applicable statute of limitations on their claims because of their inability to amend their complaints during the pendency of the two appeals taken in this action.

The Court disagrees. In the M&O, the Court thoroughly considered the Zundels' request to amend the SASC with additional allegations contesting the illegality of the twenty-year bar [*see* Doc. 200, pp. 10-14]. Specifically, the Court found that "[t]he claims in the

---

[5] The Court declines to repeat those arguments which have been adequately addressed in the M&O.

SASC for a writ of mandamus and an injunction, *along with the amendments in the TASC*, essentially restate the Zundels' request for judicial review of the discretionary decision of the INS . . . ." [*Id.*, p. 12]. "These claims are little more than modified alternative challenges to the discretionary decision of the INS . . . ." [*Id.*, p. 13]. The Court then found that the Zundels' claim for a writ of mandamus and the injunction must be dismissed because the Court lacks subject matter jurisdiction and that the proposed amendments to these claims in the TASC were futile because the amendments, including the allegations pertaining to the twenty-year bar, failed to confer subject matter jurisdiction on the Court. Accordingly, and contrary to the Zundels' arguments in the motion for reconsideration, the Court thoroughly considered the proposed amendments of the TASC, ultimately finding each was futile because the Court lacked subject matter jurisdiction.

On February 17, 2003, at the time of Mr. Zundel's removal to Canada, Mr. Zundel alleged that he was given notice, prior to being deported, that he was prohibited from entering or attempting to enter the United States for a total of twenty years (the twenty-year bar) [Doc. 50, ¶¶ 27-29]. The Zundels argue again in the motion for reconsideration that they are entitled to litigate this claim. The Court disagrees. In addition to the Court's determination in the M&O that this proposed amended claim in the TASC did not confer subject matter jurisdiction, the Court notes that even if the Court had considered the Zundels' proposed amendment regarding the twenty-year bar to his re-entry to the United States, Mr. Zundel waived his right to challenge that notice and determination when he entered the United States on March 12, 2000 under the VWPP and executed the I-94W waiver, pursuant

6

to which he was authorized to remain in the country for no more than 90 days. *Zundel*, 230 F. App'x at 475-75.

The waiver Mr. Zundel signed on March 12, 2000 provided that:

> I hereby waive any rights to review or appeal of an immigration officer's determination as to my admissibility, or to contest, other than on the basis of an application for asylum, any action in deportation.

[*see* Doc. 51, Ex. 1]. Upon the Court's review of this waiver and the relevant law, the Court finds that under the express terms of the March 12, 2000 waiver, the notice given to Mr. Zundel on February 17, 2003 would qualify as an "action in deportation." Accordingly, and pursuant to the Sixth Circuit's previous holding and the previous holdings by this Court that Mr. Zundel's entry was governed by the VWPP, the Court finds that Mr. Zundel expressly waived his rights under the VWPP regarding "review or appeal" of "any action in deportation" and thus, the twenty-year bar is not reviewable. *See Zundel*, 230 F. App'x at 475-76.

The Court is also not persuaded by the Zundels' argument that the Court failed to take into account any tolling of the applicable statute of limitations caused by the Zundels' inability to amend their complaint during the pendency of two appeals. As the Court previously noted, the Zundels had two other opportunities to assert their amended claims, the first being in September 2004 in the First Amended Petition and Complaint, and the second being in October 2004 in the SASC [Doc. 200, p. 15 n.13]. The Court also analyzed, in the M&O, why the *Bivens* claim was not tolled given that the Zundels knew or should have

7

known, in February 2003, of the events and injuries which serve as the basis of Mr. Zundel's proposed *Bivens* claim [Doc. 200, pp. 13-18]. Accordingly, the Court finds unpersuasive the Zundels' argument that the Court's previous M&O was in error because the Zundels were prevented from amending their complaint due to any tolling of the applicable statute of limitations.

**III.     Conclusion**

In light of the foregoing, the Zundels' Motion for Reconsideration and for Order Altering Order Dismissing Complaint and Petition and Denying Leave to Amend [Doc. 202] is hereby **DENIED**. The Zundels' request for a telephone hearing is **DENIED** as well.

IT IS SO ORDERED.

                                                            s/ Thomas A. Varlan
                                                            UNITED STATES DISTRICT JUDGE